WESTERN DIST.
*October*, 1839.

BURLAND
*vs.*
CARROLLTON
BANK.

</div>

### BURLAND *vs.* CARROLLTON BANK.

APPEAL FROM THE COURT OF THE NINTH JUDICIAL DISTRICT, FOR THE PARISH OF CARROLL, THE JUDGE THEREOF PRESIDING.

Where the allegations in the petition are vague and insufficient, they may be rendered certain by the averments in the answer, and evidence admitted under them, in aid of the plaintiff's case, which would have been excluded for want of proper allegations.

A sale, having all the forms of a legal sale by authentic act, cannot be treated as a nullity, even if fraud is alleged.

This suit commenced by injunction. The plaintiff claims to be the owner of a tract of land in the parish of Carroll, with the improvements thereon, which he purchased from one James B. Rusk, in 1837, and that he has been ever since in possession and paid the taxes thereon. He further shows, that the sheriff of Carroll has levied an execution on said land, in virtue of a judgment of the Carrollton Bank against said Rusk, and is about to sell the same. He prays that the Carrollton Bank and the sheriff be enjoined from proceeding any further against said land, and that the injunction be made perpetual. The counsel for the bank pleaded a general denial, and prayed that the injunction be dissolved, with damages and costs.

The evidence showed that, on the 2d December, 1837, James B. Rusk sold and conveyed, by notarial act, the land

WESTERN-DIST.
October, 1839.

BURLAND
vs.
CARROLLTON
BANK,

and improvements under seizure to the plaintiff, for twenty-four thousand five hundred dollars, payable in four instalments.

The Carrollton Bank obtained judgment against Rusk for eleven hundred dollars, and execution issued the 22d November, 1838, and was levied on the premises in question. This seizure was nearly twelve months after the sale and transfer of the property by Rusk to the plaintiffs in injunction.

The district judge rendered judgment for the plaintiff, perpetuating his injunction, and the defendant appealed.

*Stacy,* for the plaintiff.

*Selby,* for the defendant.

*Morphy, J.,* delivered the opinion of the court.

The defendants appear before us as appellants from a judgment maintaining and rendering perpetual an injunction sued out by the plaintiff, to prevent the sale of a tract of land belonging to him, and seized to satisfy a judgment obtained by the defendants against one James B. Rusk, their debtor. They contend that the plaintiff's petition, praying for an injunction, is vague and insufficient ; that, under its allegations, no evidence could be received to prove the seizure of plaintiff's property. It cannot be denied that the petition has been drawn up with great looseness and want of precision, but the defendants, in their answer and other pleadings, having been sufficiently technical to secure their damages in case of success, whatever may be vague in the plaintiff's allegations, is rendered certain by the averments of defendants, and they exhibit the not very uncommon occurrence, in our courts, of one party unconsciously assisting his adversary. We think that, under all the pleadings, as presented by the record, the material parts of the evidence have been properly admitted. We must, however confess that we do not well understand how it can have been the interest of the defendants to resist the introduction

of evidence to prove the seizure complained of by the plaintiff. The injunction stays the proceedings of defendants, in their suit against Rusk, their debtor, only in relation to this property of the plaintiff: if no seizure of it had taken place, there was nothing for the plaintiff to enjoin. The defendants would not appear to have been estopped, and therefore, in case of a dismissal of the plaintiff's petition, no damages could have been awarded them, as prayed for in their answer.

As to the merits, the plaintiff has proved that he is the owner of the property seized by virtue of an authentic act executed before the seizure. The sale to plaintiff cannot be treated as a nullity, and his property cannot be seized to satisfy a judgment against his vendor, even in case of fraud, which is not alleged here; although some testimony is to be found in the record, tending to establish it. The defendants would be obliged to resort to the action which the law gives to creditors, to set aside sales made by their debtors, with a view to defraud them. 5 Martin, N. S., 361.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.